ANDERSON, CLAYTON & COMPANY ET AL V. THE STATE OF TEXAS EX REL JAMES V. ALLRED, ATTORNEY GENERAL ET AL.

No. 6763. Decided May 29, 1935.
Rehearing overruled June 26, 1935.
(82 S. W., 2d Series, 941.)

454

*Fulbright, Crooker & Freeman, Johns, McCampbell & Snyder, C. A. Leddy, W. B. Bates* and *Leon Jaworski*, all of Houston for plaintiff in error.

This court having held that the lease agreement was not in violation of the Act of the 42nd Legislature, as a matter of law, and irreparable injury and damage to plaintiffs caused by arrests and prosecutions having been shown, the trial court erred in giving peremptory instruction against plaintiffs. People v. Lang. Trans. Co., 17 Pac. (2d) 957; Denver & R. G. W. Ry. Co. v. Linck, 56 Fed. (2d) 957; Cord v. Souter, 52 S. W. (2d) 268.

*James V. Allred,* Former Attorney General, *T. S. Christopher,* Former Assistant Attorney General, *Wm. McCraw,* Attorney General, *J. C. North,* of Corpus Christi, *E. H. Crenshaw, Jr.,* of Kingsville, for defendant in error.

The only question involved in this case is a question of fact

which has been finally determined by the Court of Civil Appeals and the determination of fact issued by a Court of Civil Appeals is final, and there is nothing in this case for the Supreme Court to review. Owens v. Tedford, 114 Texas, 390, 269 S. W., 418; McCullough v. McCullough, 120 Texas, 209, 36 S. W. (2d) 459.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this suit, the plaintiffs in error, Anderson, Clayton & Co., and several owners of motor-trucks, sought in the trial court a permanent injunction to restrain certain state officials, the defendants in error herein, from interfering with the operation of certain motor trucks over public highways of the State. The state officials defended on the alleged ground that said motor trucks were being operated in violation of the provisions of the Motor Carrier Act of 1931 (Acts of 42nd Leg. Reg. Sess., Chap. 277). At the trial of the case the trial court peremptorily instructed the jury to return a verdict against the plaintiffs in error. Judgment was entered accordingly and that judgment has been affirmed by the Court of Civil Appeals.

A review of the action of the trial court does not require that we state in detail all the issues involved in the case or all the testimony introduced at the trial. It suffices to say that such action of the court is erroneous unless facts in evidence, which will be stated presently, show, as a matter of law, that the various plaintiffs in error are "motor carriers" within the meaning of the following statute contained in the Act mentioned above, (Sec. 1, subdiv. "g") towit:—

"(g) The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever, owning, controlling, managing, operating or causing to be operated any motor propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed; * * *"

At the trial of the case, there was testimony introduced in evidence to show the following facts, which, for convenience, will be stated in narrative form:—

Anderson, Clayton & Co., with headquarters in Houston, is a firm engaged extensively in the business of buying cotton and shipping same to foreign markets for sale. The cotton is

bought by the company at various cities and towns in the interior of the State and is transported thence by the company to various gulf ports for shipment abroad. For the most part, this hauling is done in motor trucks which the company leases from the owners thereof as occasion requires. In each instance, the lease contract corresponds to the following form:—

"The State of Texas, County of Harris.

" 'This memorandum of an agreement is made and entered into by and between———— hereinafter called lessor, and Anderson, Clayton & Co., of Houston, Texas,———— hereinafter called lessees.

" 'Lessor has and does by these presents lease and let to lessee———— motor trucks fully described by engine number, State License number, manufacturer, and capacity, on the back hereof, for a period of ———— week(s) beginning with the ————day of————1932, and ending on the ————day of————1932, both inclusive, subject to the following terms and conditions.

" 'The aforesaid trucks are being leased primarily for transportation of cotton from the interior to Houston or other port cities; and bagging, ties or other commodities from Houston and other port cities to the interior. Lessees agree to pay lessor as rental for each of said trucks the sum of $————— dollars per week, plus an additional sum equal to ———¢ per ton mile, for all commodities transported from Houston and other port cities to the interior, respectively on each of said trucks during such lease period.

" 'Lessor represents that said motor trucks are in first class condition and in every respect suitable for the transportation of cotton; that each and all of said trucks have been duly licensed and are so constructed and equipped as to comply with all the rules and regulations governing their operation over the highways of this State carrying net loads of the respective amounts as represented on the back hereof. Any repairs necessary to keep the said trucks in good running condition throughout the life of this lease shall be at the expense of lessor; and in the event that the operation of any truck should be suspended for purposes of necessary repairs during the life of the lease, such loss of time shall be considered to be for the account of lessor and the life of the lease shall be extended, without additional rental payment, for a corresponding period in order to compensate lessees for such loss of time.

" 'Lessees, during the term of this lease, are to have absolute control and use of said motor trucks in the same manner

as though they were the absolute owners thereof. Lessees will employ and have absolute control and supervision of the operators of said trucks, however, lessees agree not to permit any persons to whom lessor objects in writing as not being careful and competent drivers to operate any of said trucks, if on investigation the lessees find such objections well founded. On the other hand lessor agrees to waive any claim and relinquish and release lessees from any liability for any injury or damage occasioned to said trucks during the term of this lease, whether caused by negligence of the driver or otherwise.

" 'Lessor agrees, at his expense, to carry fire, theft and accident insurance to protect himself against loss and injury to said trucks.

" 'Lessor also agrees, at his expense, to carry public liability insurance with proper rider or omnibus clause so as to fully protect lessees in the amount of $5,000.00 (five thousand dollars) for death or injury to one person and $10,000.00 (ten thousand dollars) for death or injury to two or more persons growing out of the same accident, and in amount of at least $1,000 (one thousand dollars) for property damage. This insurance must be carried in a company authorized to do business in this State and to be in all respects both as to company and form of policy, acceptable to lessees.

" '——————, Lessor

" '——————, Lessee"

" '——————

" 'Date.' "

In each instance, the written lease represents the real and entire egreement between the parties, and each truck is operated in accordance with the agreement, and the truck is not used by Anderson, Clayton & Co. to transport property for compensation or hire. For the use of each truck, the said Company pays to the lessor $25.00 per week and, in addition, a sum equal to a specified rate per ton-mile for property hauled in the truck from Houston to points in the interior of the State. No property is hauled in the trucks except that which belongs to Anderson, Clayton & Company.

1 It was the clear right of the plaintiffs in error to have the jury pass on this testimony, and if found true to have judgment. To hold otherwise would mean nothing else than that the statute, which has been quoted, embraces the parties to every lease contract where the lessor receives value, and the subject matter of the lease is a motor propelled vehicle which the lessee is to use, and does use, to haul property over public

highways. In the first place, if such were the purpose of the statute, the dependent provisions occurring in other parts of the Act could hardly be upheld as reasonable police regulations; and in the second place, and more to the point, the statute has no such meaning. Nothing could be plainer than that there can be no "motor carrier," such as the statute contemplates, without a motor propelled vehicle being used to transport property for compensation or hire.

2 In the instant case, the question as to whether or not any of the plaintiffs in error are really motor carriers, as defined by the statute, was for the jury to determine from all the facts and circumstances in evidence. This in effect, was said by this court, speaking through Judge Sharp, when the case was here before. See 122 Texas, 530, 62 S. W. (2d) 107.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by Supreme Court May 29, 1935.